# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASMINA IVANKOVIC,

        **Plaintiff,**

v.                                  Case No. 06-C-227

CHILDREN'S HOSPITAL HEALTH
SYSTEMS, and UNITED HEARTLAND,

        **Defendants.**

# DECISION AND ORDER

The *pro se* plaintiff Jasmina Ivankovic ("Ivankovic"), filed a complaint against Children's Hospital Health Systems ("Children's Hospital") and United Wisconsin Insurance Co. d/b/a United Heartland ("United Heartland"). Ivankovic was an employee of Children's Hospital, and United Heartland insured Children's Hospital for purposes of workers' compensation benefits. According to her complaint, Ivankovic experienced a work-related injury in November 1998, and thereafter filed a claim for workers' compensation benefits. The Wisconsin's Workers' Compensation Division denied her benefits. She requests that this Court effectively overturn the decision of the Wisconsin's Workers' Compensation Division and require Children's Hospital and United Heartland to pay for the surgeries that she needs to treat her condition.

1

Children's Hospital and United Heartland filed separate motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court, when ruling on a motion to dismiss, must accept all of the factual allegations in the complaint as true. *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976). Furthermore, dismissal of a complaint under Rule 12(b)(6) is only appropriate if no relief can be granted based on any set of facts that the plaintiff could prove consistent with her complaint. *See Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999).

In the instant action, the Court cannot address the merits of Ivankovic's claim because the determination of workers' compensation benefits eligibility is solely within the province of the Wisconsin Department of Workforce Development's Workers' Compensation Division. *See* Wis. Stat. § 102.03(2); *Johnson v. Honda, Inc.*, 125 F.3d 408, 418 (7th Cir. 1997). That is, while this Court has diversity jurisdiction over this action, the state law from which the claim is asserted expressly vests exclusive jurisdiction of such disputes in a state agency. The effect of the exclusivity provision of § 102.03(2) is that it eliminates the cause of action asserted by Ivankovic. Wisconsin state courts have no jurisdiction over Ivankovic's claim, so she has no claim to pursue in this federal action either, which is entirely dependent on state law. *See Beach v. Owens-Corning Fiberglas Corp.*, 728 F.2d 407, 409 (7th Cir. 1984).

2

The Court, therefore, must grant both of the defendants' motions to dismiss.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Chilren's Hospital's Motion to Dismiss (Docket No. 16) is **GRANTED**.

United Heartland's Motion to Dismiss (Docket No. 22) is **GRANTED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of January, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**